## In re WAIKIKI HOBRON ASSOCIATES, Debtor.

## CITY AND COUNTY OF HONOLULU, Plaintiff,

v.

## WAIKIKI HOBRON ASSOCIATES, Defendant.

**Bankruptcy No. 79–00206(3).**

United States Bankruptcy Court, D. Hawaii.

Oct. 4, 1982.

---

7. 11 U.S.C. § 507(a)(4)(A).

8. *See* 11 U.S.C. § 507(a)(4)(B).

Lawrence White, Deputy Corp. Counsel, City and County of Honolulu, Honolulu, Hawaii, for plaintiff.

William B. Dodd, Honolulu, Hawaii, for Central Hobron Assoc., intervenor.

Randolph Slaton, Honolulu, Hawaii, for trustee.

Diane Hastert, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JON J. CHINEN, Bankruptcy Judge.

These Findings of Fact and Conclusions of law are with reference to the amended complaint of the City and County of Honolulu to vacate the order of this Court tolling the running of time to perform under a building permit.

A hearing was held on the amended complaint on August 17, 1982, at which time there were present attorneys representing the City and County, the Trustee, Waikiki Hobron Associates, Central Hobron Associates, and Domain Corporation. Based upon the evidence adduced, the records in the case and arguments of counsel, the Court renders the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

On May 18, 1979, a chapter XII petition was filed by Waikiki Hobron Associates, hereafter "Debtor". At that time, the major assets of Debtor consisted of certain real estate, plans and building permits for a condominium in Waikiki.

On July 6, 1979, Debtor filed a motion to toll the running of the remaining time under Building Permit No. 73126 for the construction of improvements on the property owned by Debtor in Waikiki, Honolulu, Hawaii, hereafter identified as "Waikiki Hobron Property".

In its motion, the Debtor alleged:
This motion is based in part upon

5. The general equitable powers of this Court to protect and preserve the property and property rights of the Debtor where not to do so would defeat the primary purpose of the entire Chapter XII proceedings; that is, to rehabilitate a financially-troubled Debtor.

This motion is made on the ground that the aforesaid Building Permit is due to expire on or about April 1980 and without a tolling of the running of the times within which to perform under said Building Permit, Debtor may be unable to propose a feasible plan of arrangement because it will very likely be unable to obtain reasonable construction financing.

Following a hearing, on July 12, 1979, the Court orally ruled that it had jurisdiction over the property and the permit and that it was

[tolling] the running of the time during the proceeding while the project is in this Chapter XII proceedings.

Then, on August 2, 1979, an Order Tolling Running of Time to Perform Under A Building Permit was filed. A portion of said Order read as follows:

It Is Hereby Ordered That all times allowed for performance under or pursuant to Building Permit Nos. 73126, 114510, and 105742 (109742) issued by the Building Department of the City and County of Honolulu for the construction of improvements on the property of the Debtor in Possession identified by Tax Maps Key 2–6–12:47 to 52 and a portion of 43, be and hereby are tolled during the pendency of this action.

After a protracted hearing, on October 29, 1979, this Court confirmed Debtor's First Modified Real Property Arrangement.

Under Article IV of said confirmed plan, the mechanic and lien holders were permitted to enforce their liens in the state courts. As a result, Dynamic Industries, Inc., hereafter "DIC", enforced its lien rights in the state court and on July 24, 1981, obtained an Interlocutory Decree of Foreclosure, whereby a commissioner was appointed to sell Debtor's Waikiki Hobron property.

Before the commissioner appointed by the state court was able to sell Debtor's Waikiki Hobron property, on October 15, 1981, the Debtor filed an Ex Parte Application for Adjudication, stating that it was unable to consummate the confirmed Plan of Arrangement and that it was in the best interests of the Estate that this Court enter an order adjudicating the Debtor a Bankrupt. On the same date, the Court adjudicated the Debtor a bankrupt.

On February 23, 1982, the City and County of Honolulu, hereafter, "City and County", filed its Complaint to Vacate Order Tolling Running of Time to Perform under A Building Permit, followed by its First Amended Complaint filed on March 12, 1982.

On June 17, 1982, William K. M. Chee, the Trustee in Bankruptcy, filed a Motion for Summary Judgment with reference to the City and County's amended complaint to vacate the order tolling the running of time to perform under a building permit. Following a hearing on July 16, 1982. The Motion for Summary Judgment was denied.

The trial on the amended Complaint was heard on August 17, 1982. The City and County requested that the Order tolling the running of time be lifted so that the City and County may enforce its police and regulatory powers to promote the general welfare, health, happiness, safety and aspirations of the public, and to provide adequate protection to the public.

The Trustee, Central Hobron Associates and Domain Corporation requested that the City's Complaint be denied because this Court's Order tolling the running of time is the "law of the case" and that the building permit is necessary, not only to formulate a feasible plan of arrangement but to sell the Waikiki Hobron property. The Court took the matter under advisement.

## CONCLUSIONS OF LAW

When the Court issued its order tolling the running of time on the building permit on August 2, 1979, the Debtor was in a Chapter XII proceeding, wherein it requested this Court to toll the running of time so that it may be able to propose a feasible plan of arrangement. In order to allow the Debtor to obtain reasonable construction financing, the Court issued the Order tolling the running of time.

On October 29, 1979, Debtor's First Modified Real Property Arrangement was confirmed. Though Debtor paid the mortgagees in full pursuant to the confirmed Real Property Arrangement, it was not able to pay the mechanic and materialmen lienors. Thus, DIC, a lienor, pursuant to the provisions of the Real Property Arrangement, enforced its lien rights in the state court. Before the state court-appointed commissioner was able to sell Debtor's Waikiki Hobron property, Debtor, ex parte, on October 15, 1981, sought adjudication as a bankrupt, stating that it was not able to consumate its modified Real Property Arrangement and that adjudication was in the best interest of the estate.

When the Debtor converted the proceedings from Chapter XII to Chapters I–VII, it no longer intended to propose a feasible plan of arrangement. Thus, there appears to be no further need for a tolling of the running of time on the building permit to grant Debtor time to obtain reasonable construction financing.

The enforcement of building and zoning matters involve the exercise of state police powers. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

However, the Ninth Circuit Court of Appeals has stated that "[i]f regulatory proceedings threaten the assets of the estate, the decision to issue a stay can then be made on a discretionary basis." *In re Bel Air Chateau Hospital, Inc. v. N.L.R.B.,* 611 F.2d 1248, 1251, 104 BNA LRRM 2976 (9th Cir. 1979).

On August 2, 1979, this Court used its discretion and tolled the running of time on Debtor's building permits to give Debtor an opportunity to obtain financing and to submit a plan of arrangement. On October 29, 1979, Debtor's Modified Real Estate Arrangement was confirmed.

Almost three years have elapsed since the confirmation of Debtor's Modified Real Estate Arrangement. Debtor has had ample time, but has been unsuccessful in consummating the Arrangement. The building in question now consists of a mere foundation and Debtor is without any firm commitment of financing. With Debtor now in Chapter I–VII proceedings, this Court finds that the purpose for the tolling of time on the building permit no longer exists.

### ORDER

The Order Tolling Running of Time to Perform Under A Building Permit filed herein on August 2, 1979 is hereby vacated.